N THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
         Plaintiff,

vs.                                            No. 17-10101-01-EFM

ERIK N. DIXON,
         Defendant.


MEMORANDUM AND ORDER


On July 10, 2019, Defendant Erik Dixon was convicted of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). As a part of the Judgment, Dixon was required to pay a $100 special assessment.[1] Dixon subsequently tried to satisfy this requirement by offering a writing[2] attached to a Motion for Presentment of Payment.[3] The court denied Dixon's motion, finding that the special assessment requires payment, not a mere promise to pay, and that under 18 U.S.C. § 3611 and administrative rule, an individual person may make such payment

---

[1] Dkt. 141, at 6.

[2] This writing is entitled "Bill of Exchange," although Dixon also referred to it as an "International Bill of Exchange," and a UCC 3-3104 "Draft" or "'Promise' … to pay 'Money.'"

[3] Dkt. 167.

only by tendering cash, a personal or cashiers check, money order, or by credit or debit card.[4]

Since that Order, Dixon has submitted a Response (which the Clerk has construed as a motion for reconsideration),[5] a Motion for Acceptance for Value and Consideration,[6] and an Affidavit of Request Teratis Intervenor 3rd Party.[7]

To the extent Defendant seeks reconsideration of the court's prior Order, the request is untimely.[8] Defendant also does not show that any of the recognized justifications for reconsideration are applicable, namely (1) an intervening change in the law, (2) new evidence, or (3) the need to correct clear error or prevent manifest injustice.[9] Instead, Defendant has simply offered increasingly bizarre and fanciful writings.[10] All are creations of Dixon alone, and none take the form of cash or check, money order, or card payment drawn on (or paid through) a nonimaginary financial institution. Accordingly, Defendant's Motions (Dkt. 172, 173) are DENIED.

---

[4] Dkt. 170.

[5] Dkt. 172.

[6] Dkt. 173.

[7] Dkt. 177.

[8] Defendant's pleading was filed 18 days after the court's Order. Under D. Kan. Rule 7.3, a motion seeking reconsideration must be filed within 14 days, unless the court extends the time. Defendant never sought any extension.

[9] *See* Rule 7.3.

[10] These now include a "NON-NEGOTIABLE ACCPETED FOR VALUE APPROVED FOR PAYMENT $500,000.00 (VALUE)," a "BILL OF EXCHANGE Pursuant to Article 3 of the Convention (DRAFT)," and a "REINSURANCE AGREEMENT FOR A BONDS STATUTE PERFORMANCE BOND."

Future motions or pleadings by Defendant which purport to pay the special assessment, but which either ignore or do not conform with this Order and the Order of August 2, 2021, may be summarily denied by reference to this Order.

IT IS SO ORDERD this 4th day of October, 2021.

*Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE