**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff,* | |
| vs. | Case No. 17-10101-01-EFM |
| ERIC N. DIXON, JR., | |
| *Defendant.* | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on pro se Defendant Eric N. Dixon Jr.'s Motion to Reduce Sentence (Doc. 187).  He contends that he is entitled to a sentence reduction due to recent amendments to the United States Sentencing Guidelines.  The government opposes Defendant's motion for sentence reduction.  For the reasons stated in more detail below, the Court dismisses Defendant's motion.

On April 10, 2019, Defendant pleaded guilty to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).  The parties entered into a Rule 11 plea agreement in which a 120-month term of imprisonment was recommended to the Court.  On July 8, 2019, the Court sentenced Defendant to 120 months' imprisonment.  On January 29, 2024, Defendant filed a Motion to Reduce Sentence, asserting that he was a zero-point offender and requesting a sentence reduction under Amendment 821.

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant may file his own motion for a sentence reduction provided certain factors are met.[1]  Specifically, § 3582(c)(2) allows a court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)" and after considering § 3553(a) factors so long as the reduction "is consistent with applicable policy statements."[2]

Effective November 1, 2023, the Sentencing Commission amended the United States Sentencing Guidelines.[3]  Part A of Amendment 821 limits the criminal history impact of "status points," and subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."[4]

Defendant is not a zero-point offender.  Instead, his Presentence Investigation Report shows that his criminal history score is three.  Thus, he is ineligible for a reduction in sentence under Amendment 821.  Accordingly, the Court dismisses Defendant's motion.[5]

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence (Doc. 187) is **DISMISSED**.

---

[1] 18 U.S.C. § 3582(c)(2).

[2] *Id.*

[3] *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023).

[4] *See* https://www.ussc.gov/guidelines/amendment/821 (last visited April 3, 2024); *see also* U.S.S.G. § 4A1.1; § 4C1.1.

[5] *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) (stating that a district court should dismiss for lack of jurisdiction if a defendant is ineligible for a sentence reduction under § 3582(c)(2)).

-3-

**IT IS SO ORDERED**.

Dated this 4th day of April, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE